**Original filed 9/25/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES H. BAILEY, | ) | No. C 05-2791 JF (PR) |
| Petitioner, | ) ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY |
| vs. | ) ) ) | |
| TOM CAREY, Warden, | ) ) | |
| Respondent. | ) ) | (Docket No. 12) |

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to proceed in forma pauperis. On July 28, 2005, the Court denied Petitioner's motion to proceed in forma pauperis and directed Petitioner to pay the $5.00 filing fee. Petitioner paid the filing fee on December 5, 2005. On December 13, 2005, the Court ordered Respondent to file a motion to dismiss the petition as untimely or notify the Court that such a motion is unwarranted. On February 2, 2006, Respondent filed a motion to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d). Petitioner has filed an opposition to the motion and Respondent filed a reply. Based upon the papers submitted, the Court concludes that the petition is untimely and will therefore GRANT respondent's motion to dismiss the petition (docket no. 12).

Order Granting Respondent's Motion to Dismiss Petition as Untimely
P:\pro-se\sj.jf\hc.05\Bailey791mtd                      1

**BACKGROUND**

A San Francisco County jury convicted Petitioner of involuntary manslaughter with the use of a firearm (Cal. Pen. Code §§ 192(b); 12022.5(a)), and being a felon in possession of a firearm (Cal. Pen. Code § 12021(a)). Petitioner admitted his prior convictions under Cal. Penal Code §§ 667, 667.5. On December 6, 1996, Petitioner was sentenced to twenty-years and four months in state prison. The state appellate court affirmed Petitioner's conviction on January 21, 1998. See Resp. Exh. 1; Exh. 3 at 2. On August 24, 2001, Petitioner filed a state habeas petition with the San Francisco Superior Court which was denied on September 5, 2001. See Petition, Exh. A; Resp. Exh. 6. On February 6, 2002, Petitioner filed a state habeas petition with the state appellate court, which was summarily denied on February 20, 2002. See Petition, Exh. B; Resp. Exh. 4. On June 25, 2005, Petitioner filed a state habeas petition with the state supreme court, which was denied on May 11, 2005. See Petition, Exh. C; Resp. Exh. 5. Petitioner filed the instant federal habeas petition on July 8, 2005.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The one-year period may begin from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by

the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was 40 days after the Court of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a);

Here, the state appellate court affirmed the judgment following Petitioner's direct appeal on January 21, 1998. Petitioner did not file a petition for review with the state supreme court. Therefore, petitioner's conviction became final on March 2, 1998, forty days after the state appellate court's opinion. Accordingly, petitioner had until March 2, 1999 to file his federal petition. But petitioner did not file his federal petition until July 8, 2005, long after the expiration of the limitations period. Therefore, the instant petition is untimely absent tolling.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' – i.e., 'until the completion of' that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002).

Here, Petitioner did not file his state habeas petitions until August 24, 2001, February 6, 2002, and June 25, 2005. Petitioner is not entitled to statutory tolling for these petitions, as a state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (same).

Having concluded that statutory tolling does not render the petition timely, the

1  Court must decide whether equitable tolling saves the petition.  The Supreme Court has
2  "never squarely addressed the question whether equitable tolling is applicable to
3  AEDPA's statute of limitations," Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), but
4  the Ninth Circuit holds that the one-year limitation period can be equitably tolled because
5  § 2244(d) is a statute of limitations and not a jurisdictional bar.  Calderon v. United States
6  District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), cert. denied, 523 U.S. 1, and
7  cert. denied, 523 U.S. 1061 (1998), overruled in part on other grounds by Calderon v.
8  United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied,
9  526 U.S. 1060 (1999).  Equitable tolling will not be available in most cases because
10 extensions of time should be granted only if "extraordinary circumstances beyond a
11 prisoner's control make it impossible to file a petition on time."  Id. (citation and internal
12 quotation marks omitted).

13         The Ninth Circuit has held that the petitioner bears the burden of showing that this
14 "extraordinary exclusion" should apply to him.  Miranda v. Castro, 292 F.3d 1063, 1065
15 (9th Cir. 2002).  The petitioner must establish two elements in order to be granted
16 equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some
17 extraordinary circumstance stood in his way."  Raspberry v. Garcia, 448 F.3d 1150, 1153
18 (9th Cir. 2006) (quoting Pace, 544 U.S. at 419); see Pace, 544 U.S. at 419 (petitioner's
19 lack of diligence in filing timely state and federal petitions precluded equitable tolling);
20 Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than
21 a petitioner's lack of diligence, account for the failure to file a timely claim, equitable
22 tolling of the statute of limitations may be appropriate.").  The prisoner also must show
23 that "the 'extraordinary circumstances' were the cause of his untimeliness."  Spitsyn v.
24 Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  Where a prisoner fails to
25 show "any causal connection" between the grounds upon which he asserts a right to
26 equitable tolling and his inability to timely file a federal habeas application, the equitable
27 tolling claim will be denied.  Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005)
28 (holding that where prisoner fails to show causal connection between self-representation

on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error).

A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. Raspberry, 448 F.3d at 1154; cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ). However, when a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006). Whether a prisoner has been able to file a prior state habeas petition is a factor in determining whether he was unable to timely file a petition in federal court, unless the prisoner has shown a significant change in conditions since the filing of that application. See Gaston, 417 F.3d at 1034-35.

The Ninth Circuit has held that a pro se petitioner's inability to access information about the statute of limitations deadline, when combined with their lack of knowledge of the deadline, constitutes an "extraordinary circumstance" that warrants equitable tolling, provided the petitioner acted with due diligence. Roy, 455 F.3d at 954-55; see also Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding case to district court for development of facts concerning whether AEDPA materials were unavailable in the prison law library and the legal significance of such a finding).[1]

In his opposition, Petitioner contends that the statute of limitations did not begin to run at the conclusion of direct review under § 2244(d)(1)(A), but that the statute of

---

[1] But see Felder v. Johnson, 204 F.3d 168, 172-73 & n.10 (5th Cir. 2000) (mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period) (citing cases).

1  limitations began to run on the date which the impediment to his filing a habeas petition
2  was removed under § 2244 (d)(1)(B).  See Pet.'s Opp. at 5-6.  Under § 2244(d)(1)(B), the
3  one-year limitation period starts on the date on which "an impediment to filing an
4  application created by State action in violation of the Constitution or laws of the United
5  States is removed, if the applicant was prevented from filing by such State action."
6  Petitioner maintains that he had no personal knowledge that he had to file his federal
7  habeas petition under the limitations period under § 2244(d)(1) until October 2000.  He
8  asserts that to the best of his knowledge, the law library at the California State Prison in
9  Sacramento, where he was incarcerated, did not have a copy of AEDPA until that time.
10 See Pet.'s Opp. at 8.  Petitioner asserts that this constitutes an impediment to filing his
11 habeas petition application which warrants a delay in the commencement of the
12 limitations period under § 2244(d)(1)(B).  The Court also construes Petitioner's argument
13 as a basis for applying equitable tolling to the instant petition.

14       The Ninth Circuit has held that a pro se petitioner's inability to access information
15 about the statute of limitations deadline may warrant equitable tolling.  Whalem/Hunt,
16 233 F.3d at1148 (holding that the unavailability of materials in prison law library
17 explaining the AEDPA may warrant equitable tolling or a delayed commencement of the
18 limitations period pursuant to § 2244(d)(1) and remanding case to district court for
19 development of facts concerning whether AEDPA materials were unavailable in the
20 prison law library and the legal significance of such a finding).

21       Even if the Court were to commence the limitations period on October 31, 2000, or
22 apply statutory or equitable tolling based upon Petitioner's claim that he learned of
23 AEDPA's statute of limitations requirement in October 2000, the Court concludes that
24 Petitioner fails to establish that he exercised due diligence in pursuing his claims and
25 filing a federal petition.  Petitioner filed his first state habeas action on August 24, 2001,
26 which was denied on September 5, 2001.  The statute of limitations would commence on
27 October 31, 2000 and continue until at least August 24, 2001, when he filed his first state
28 habeas petition in the state superior court.

The Court concludes that Petitioner is not be entitled to statutory tolling from when he filed his first state habeas petition on August 24, 2001 until his last state habeas petition was decided on May 11, 2005 due to his unreasonable delay. The circumstances under which a state petition will be deemed "pending" for purposes of § 2244(d)(2) is a question of federal law. Welch v. Carey, 350 F.3d 1079, 1080 (9th Cir. 2003) (en banc). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' – i.e., 'until the completion of' that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002). In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending." Id. at 220. In California, this means that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge, as long as the petitioner did not "unreasonably delay" in seeking review.[2] Id. at 221-23; accord Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (an application for collateral review is "pending" in state court for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.").

To determine whether an application was "pending" for tolling purposes, a threshold question must be whether the petitioner invoked a procedure "available" to him under state law. See Jenkins v. Johnson, 330 F.3d 1146, 1154 (9th Cir. 2003). Thus, a federal court must determine "just when a [California] review application (i.e., a filing in a higher court) comes too late." Carey, 536 U.S. at 223. In other words, it must determine whether a petitioner "delayed 'unreasonably' in seeking [higher state court] review." Id. at 225. In sum, the Supreme Court held in Carey that "(1) only a timely appeal tolls AEDPA's 1-year limitations period for the time between the lower court's

---

[2] If a later state petition was denied on the procedural ground that it was untimely, however, it was not properly filed and therefore cannot be considered to have been pending. See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir.), amended, 439 F.3d 993 (9th Circ. 2006).

adverse decision and the filing of a notice of appeal in the higher court; (2) in California, "unreasonable" delays are not timely; and (3) (most pertinently) a California Supreme Court order denying a petition "on the merits" does not automatically indicate that the petition was timely filed."[3]  Evans v. Chavis, 126 S. Ct. 846, 852 (2006) (Ninth Circuit erred by departing from Carey when it found timely a California prisoner's request for appellate review made three years after the lower state court ruled against him).

Here, Petitioner offers no explanation why he waited over one and a half years to file his first state habeas action on August 24, 2001, which was denied on September 5, 2001.  Petitioner then waited approximately six months to file his second state habeas petition in the state appellate court on February 6, 2002, which was denied on February 20, 2002.  Petitioner then waited over three years to file his state habeas petition in the state supreme court on June 25, 2005, which was denied on May 11, 2005.  Petitioner offers no explanation for this lack of diligence.  Nor has Petitioner explained why he was able to file three state habeas petitions between 2001 and 2005, but was prevented from filing a timely federal petition.  Therefore, the Court concludes that Petitioner has not demonstrated that he is entitled to statutory or equitable tolling based on his conclusory allegation that he had no personal knowledge that he had to file his federal habeas petition under the limitations period under § 2244(d)(1) until October 2000 and his assertion that to the best of his knowledge, the law library at the California State Prison in Sacramento did not have a copy of AEDPA until that time.  See Pet.'s Opp. at 8.  Therefore, without statutory or equitable tolling, the Court concludes that the instant petition is untimely.

\\\
\\\
\\\
\\\

---

[3] For instance, the Ninth Circuit has held that a petitioner was not entitled to statutory tolling for the four and a half years between denial of a state habeas petition in California Superior Court and his filing of another petition, with different claims, in the California Supreme Court.  See Welch, 350 F.3d at 1084.

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely (docket no. 12) is GRANTED. The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1). The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 9/25/06

/s/jeremy fogel
JEREMY FOGEL
United States District Judge

1  A copy of this order was mailed to the following:

2

3  Charles H. Bailey
   K-35204
   California State Prison - Solano
4  P.O. Box 4000
   Vacaville, CA  95696-4000

5

6  Peggy S. Ruffra
   CA State Attorney General's Office
7  455 Golden Gate Avenue
   Suite 11000
8  San Francisco, CA  94102-7004

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28